IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| **TERRY KENNINGTON,**<br><br>Plaintiff,<br><br>v.<br><br>**OFFICE OF SPECIAL COUNSEL, EDWARD FLOOD, ALEJANDRA DOVE, and MAHLIA MYERS,**<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:11-cv-0005-CW-PMW<br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court notes that Terry Kennington ("Plaintiff") has been permitted to proceed in forma pauperis ("IFP") in this case under 28 U.S.C. § 1915 ("IFP statute").[2] The court also recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket no. 7.

[2] *See* docket nos. 1, 2.

## BACKGROUND

In his complaint, Plaintiff alleges causes of action for violations of his constitutional rights and retaliation for whistle blowing.

Plaintiff asserts that he was discriminated against, at least in part, due to the fact that he revealed to his coworkers that he "could see Angels."[3] Plaintiff also claims that he revealed to his coworkers that he had been "giving angel[] readings at a place called Planet Rainbow and on [his] own."[4] Plaintiff additionally revealed to his coworkers that he "had the ability to communicate with Angels, Sprits, God, Jesus[,] and other Ascended Masters" and that he "believed in extraterrestrial life."[5] Plaintiff asserts that when he revealed those pieces of information, "[p]erhaps [his] psychic abilities kicked in at that moment because the only reason [he] revealed that to them was to alleviate any kind of discriminating thoughts about his [beliefs], however that obviously did not stop them from coming."[6] Plaintiff also claims that he heard rumors in his workplace and that his coworkers were saying things like, "'he's probably having sex in his office with Jesus,'" and "'he probably think[s] he's Jesus's boyfriend.'"[7]

Plaintiff also maintains that he was retaliated against because he relayed the following story to one of his coworkers:

---

[3] Docket no. 5 at 14.

[4] *Id*. at 15.

[5] *Id*.

[6] *Id*.

[7] *Id*. at 16.

2

> While visiting [my grandfather's] grave[,] I noticed some strange
> lights in the sky and unidentified aircraft landing on Hill Air Force
> Base, just about a mile or less away.[8]

Plaintiff further asserts that he was retaliated against because he believes "that as a 'clairvoyant[,'] he] can be nothing more or less than a psychic. It is a natural gift [he has] been given [by] God."[9]

## **ANALYSIS**

Whenever the court authorizes a party to proceed without the prepayment of fees under the IFP statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Supreme Court has construed the term "frivolous" within the context of the IFP statute by stating that

> a complaint, containing as it does both factual allegations and legal
> conclusions, is frivolous where it lacks an arguable basis either in
> law or in fact. . . . [The IFP statute]'s term "frivolous," when
> applied to a complaint, embraces not only the inarguable legal
> conclusion, but also the fanciful factual allegation.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The IFP statute

> accords judges not only the authority to dismiss a claim based on
> an indisputably meritless legal theory, but also the unusual power
> to pierce the veil of the complaint's factual allegations and dismiss
> those claims whose factual contentions are clearly baseless.
> Examples of the former class are claims against which it is clear
> that the defendants are immune from suit . . . and claims of

---

[8] *Id*. at 17.

[9] *Id*. at 22.

3

> infringement of a legal interest [that] clearly does not exist . . . .
> Examples of the latter class are claims describing fantastic or
> delusional scenarios . . . .

*Id*. at 327-28; *see also Hall v. Bellmon*, 935 F.2d 1106, 1108-10 (10th Cir. 1991).

After carefully reviewing Plaintiff's complaint and other filings, the court has determined that all of Plaintiff's claims in this case fall squarely within the second of those two categories because the underlying factual allegations "rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), and describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328. Plaintiff's court filings contain incredible and fantastic factual allegations, and it appears that many of those allegations have little or no basis in fact.

Plaintiff's court filings demonstrate that he may be suffering from psychological or psychiatric problems, and the court is sympathetic to Plaintiff's unfortunate circumstances. Those circumstances, however, have no effect on the court's duty under the IFP statute to dismiss Plaintiff's complaint once the court has determined that it is frivolous. Accordingly, for the foregoing reasons, the court concludes that Plaintiff's complaint is frivolous under the IFP statute and, therefore, should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 325-28; *Bellmon*, 935 F.2d at 1108-10.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED** as frivolous under the authority of the IFP statute. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 17th day of August, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge