IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TERRY KENNINGTON, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF SPECIAL COUNSEL, *et al.*, <br><br> Defendants. | **ORDER and MEMORANDUM DECISION** <br><br><br> Case No. 1:11-cv-5 CW |

Now before the court is a report and recommendation by Magistrate Paul Warner recommending that this case be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(b)(i). The court agrees that this action should be dismissed. The court, however, does not dismiss this case because it is frivolous. Instead, the court believes that it is more appropriate to dismiss under 28 U.S.C. § 1915(e)(2)(b)(ii), because the complaint fails to state a claim.

In short, Mr. Kennington does not allege that the Office of Special Counsel ("OSC") or the other Defendants, all OSC lawyers, terminated him in violation of his rights.[1] Instead, he bases this action for compensatory and punitive damages on his allegations that the OSC wrongly handled and rejected his constitutional and statutory claims against the Internal Revenue Service,

---

[1] The court notes that Mr. Kennington did file an action against the Internal Revenue Service and its employees for discrimination in this district. *See* Case No. 1:10cv9 TC. Judge Campbell dismissed that action without prejudice for failure to exhaust administrative remedies. *See* Order of Aug. 27, 2010, at Dkt. No. 24 in Case. No. 1:10-cv-9 TC.

his former employer. But a cause of action for damages does not lie against the OSC or its employees for its handling of a claim. *Cf. Sheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991) ("[N]o cause of action against the EEOC exists for challenges to its processing of a claim.") (internal quotation marks and citations omitted) and *Woodruff v. McPhie*, 383 Fed. Appx. 5, 6-7 (D.C. Cir. 2010) (*cert. denied sub nom Woodruff v. Grundmann*, 131 S. Ct. 1504 (2011) (no cause of action against the Merit Systems Protection Board for handling of a case).

It should be noted that Mr. Kennington has moved to amend his complaint. (Dkt. No. 9.) From what the court gathers, Mr. Kennington intends to continue to bring similar allegations and assert similar claims against the OSC and its employees. He has not, however, filed with the court a copy of the proposed amended complaint. At this point, there is no way for the court to determine whether his motion has merit and it does not appear that it will. The court therefore DENIES that motion.

## CONCLUSION AND ORDER

For the reasons set forth above, the court DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and DENIES Mr. Kennington's motion to amend the complaint.

SO ORDERED this 9th day of September, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge